**STEAD et al. v. AMERICAN SECURITY & TRUST CO. et al.**

**No. 9824.**

United States Court of Appeals District of Columbia Circuit

Argued Jan. 12, 1949.

Decided March 21, 1949.

Mr. Roger M. Stuart, Jr., of Washington, D. C., with whom Arthur Hellen, of Washington, D. C., was on the brief, for appellants.

Mr. Harry Lee Walker, Asst. Corporation Counsel, District of Columbia, of Washington, D. C., with whom Messrs. Vernon E. West, Corporation Counsel, D. C., Chester H. Gray, Principal Asst. Corporation Counsel, D. C., and Oliver Gasch, Asst. Corporation Counsel, D. C., all of Washington, D. C., were on the brief, for appellees District of Columbia, Harry S. Wender and Milo F. Christiansen.

Mr. A. Murray Preston, of Washington, D. C., with whom Mr. John E. Larson, of Washington, D. C., was on the brief, for appellee American Security and Trust Company.

Before CLARK, PRETTYMAN and PROCTOR, Circuit Judges.

PER CURIAM.

The question here involves an application of the *cy pres* doctrine to perpetual charitable trust created by the will of the late Robert Stead, providing, *inter alia,* that: "The unimproved lots owned by me in Square 1065, and described as Lots 16 to 29, both inclusive, shall be converted into and maintained by my said trustees as, a playground for the children of Washington, D.C., to be known as Mary Force Stead Playground in memory of my first wife; and the net income from the improved lots in said Square owned by me and described as Lots 30 to 33, both inclusive, shall be devoted to the preparation of said lots 16 to 29 for the use aforesaid and to the maintenance thereof." All interested parties conceded that it would now be impracticable to establish and maintain a playground upon the land devised because of the present unsuitability of the site and the insufficiency of income. In these circumstances, the heirs claimed the property by reason of a failure of the trust. However, the District Court held that the devise was supported by a general charitable intent; that the dominant purpose was to establish a playground, rather than use the designated site; therefore, that the trust should be applied as nearly as might be to effect the charitable scheme. Accordingly the court approved a plan whereby the trust income would be applied towards the maintenance of a playground on public space, to be known as the Mary Force Stead Playground, with an appropriate memorial tablet.

In our opinion the District Court was right. The judgment is

Affirmed.